**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Case No.: 6:26-cr-264-AGM-LHP**

**VAGNER SOARES DE ALMEIDA et al.**

---

## ORDER TO SHOW CAUSE

On October 21, 2026, a grand jury sitting in the Middle District of Florida returned an Indictment in this case charging thirteen people with various fraud-related offenses. Doc. 1.

On November 2, 2026, the government began executing arrest warrants in this case, and the Court held initial appearances for eight of the Defendants.[1]

On November 2, 2026, the United States Attorney's Office for the Middle District of Florida issued a press release concerning this case. That press release was titled: "Homeland Security Task Force Investigation Yields **13 Foreign Nationals Charged** with Immigration Related Fraud Against the United States and the Exploitation of Aliens to Gain Lawful Status and Employment." Available at https://www.justice.gov/usao-mdfl/pr/homeland-security-task-force-investigation-yields-federal-charges-thirteen-foreign (emphasis added). The press release begins by reciting that, "Thirteen foreign nationals from Brazil and Cuba have been charged by indictment for their roles in a conspiracy to defraud the United States and other aliens." *Id.*

---

[1] I enter this Order in conjunction with my ongoing responsibilities as the criminal duty judge handling the initial appearances and detention hearings this week in this case.

That press release appears to both contain a false assertion and be in violation of Local Rule 3.11. In fact, all thirteen Defendants are not foreign nationals. Based on the hearings that occurred yesterday, the Court knows that at least one of the Defendants is a United States citizen. Others might be United States citizens as well. Further, Local Rule 3.11(a) sharply curtails the amount of information that a lawyer or law enforcement agent in a criminal action is permitted to publicly disclose prior to entry of judgment or dismissal: "a lawyer or law enforcement agent directly or through a surrogate must not extrajudicially and publicly disclose information about the action if the disclosure will interfere with a fair trial or otherwise prejudice the administration of justice." While the Local Rule allows the disclosure of some information in certain circumstances, a Defendant's nationality is not the kind of information that may be disclosed, especially if the information is not already publicly available. Here, the Indictment contains public information about the nationality of only three of the named Defendants, one each of the three people identified in Counts Nine, Ten, and Eleven.

Further, there is no basis to provide incorrect or false or materially misleading information about the nationality of any criminal defendant in a public statement, especially when the information concerning foreign nationality is included for the purpose of aggravating the description of the charges. Indeed, the final paragraph of the press release includes a description of a task force that is "Protecting the American People Against Invasion" and references to a litany of criminal conduct—including crimes of violence and crimes against children—not charged in the Indictment here. The Court is concerned that including incorrect information concerning nationality as the government did here has the potential to "interfere with a fair trial or otherwise prejudice the administration of justice." Local Rule 3.11(a).

This press release comes on the heels of the prosecutor at the hearings yesterday—the same prosecutor named in the press release—providing what appeared to be incorrect information concerning a Defendant in this case.

In addition to the Local Rule, counsel are reminded that they are governed by the Rules Regulating the Florida Bar regardless of whether they are members of the Florida Bar. *See* Local Rules 2.01(e); 2.04(a) ("In addition to a judge's sanction or use of another grievance mechanism, the court can — after a hearing and for good cause — disbar, suspend, reprimand, or otherwise discipline a member of the Middle District bar or a lawyer appearing by special admission.").

Accordingly, it is **ORDERED** that, **on or before November 5, 2026**:

1. the government shall identify by name the persons responsible for writing and posting the press release identified in this Order; and
2. the persons identified by the government shall **SHOW CAUSE in writing** why they should not be sanctioned for publicly disseminating: (a) non-public information concerning a criminal defendant beyond the scope permitted by Local Rule 3.11; and (b) incorrect, false, or materially misleading information about the nationality of a criminal defendant in this case.

**ORDERED** in Orlando, Florida on November 3, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Attorney
Pretrial Services Office
Assistant Federal Public Defender
Counsel for Defendant